United States District Court
Southern District of Texas
**ENTERED**
September 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCUS BELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-81 |
| | § | |
| "SGT TREVINO", et al., | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 23, 2022, Plaintiff Marcus Bell sued three defendants as part of a prisoner civil rights lawsuit. Dkt. No. 1. Bell claims that Sgt. Trevino knowingly did nothing as other inmates assaulted him. He also claims that "L. Webb," the medical director, "carelessly handled" his resulting medical issues after the assault. He further sues "J. Guana,"[1] the warden, for covering up the incident. Bell seeks compensatory and punitive damages of $100,000. Dkt. No. 1, p. 6.

The Court has a statutory obligation to screen a prisoner complaint to ensure that it states a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). After reviewing the record and the relevant case law, it is recommended that the claims against Webb and Guana be dismissed with prejudice for failure to state a claim upon which relief can be granted.[2]

---

[1] The Court notes that Guana is the Court's best reading of Bell's handwriting. The Court further notes that Bernadette Rodriguez is the senior warden at the Willacy County State Jail, so the Court is not entirely sure who Warden Guana is. Because the standard is the same for any "Warden," irrespective of the identity of the individual, Bell has failed to state a claim upon which relief can be granted against him/her.

[2] Nothing in this report and recommendation should be read as recommending dismissal of the claims against Sgt. Trevino.

## I. Background

### A. Factual Background

Bell was an inmate at the Willacy County State Jail in Raymondville, Texas. Dkt. No. 1. He alleges that on July 4, 2021, he was assaulted by other inmates, including being kicked in the head. Id.

On July 5, 2021, Bell was brought to the jail medical department, complaining that his "head won't stop spinning." Dkt. No. 18-1, p. 199. He also complained of nausea and vomiting, had an abrasion to his right eye lid and further abrasions on the left and right side of his face. Id. An ambulance was called and Bell was taken to Valley Baptist Medical Center on July 5, 2021. Id.

At Valley Baptist, Bell was diagnosed with a concussion and a hematoma. Dkt. No. 18-1, p. 319. The hospital staff performed a CT scan of Bell's head, chest, spine, and face; none of the tests revealed any fractures. Id., pp. 329-33. Bell was prescribed one 600 milligram tablet of ibuprofen every six hours for the next 10 days. Id., p. 319.

On July 7, 2021, Bell was seen by jail medical staff via telehealth. Dkt. No. 18-1, p. 132. He complained of a headache, but was "oriented in time and space," with a "normal" neurological exam and "no marks of injury" on his head. Id.

### B. Procedural History

On June 23, 2022, Bell filed suit against Sgt. Trevino, L. Webb, and J. Guana. Dkt. No. 1. Bell alleges that Trevino knowingly permitted the inmates to assault him; that Webb "carelessly handled" his resulting medical issues; and that Guana "attempted to cover up incident by omitting from plaintiff's record that he was sent to emergency room." Dkt. No. 1.

On July 25, 2022, the Court ordered the Texas Department of Criminal Justice to file a copy of Bell's prison records, including grievances, medical treatment, and disciplinary records, under seal. Dkt. No. 11. On August 31, 2022, TDCJ timely filed the records under seal. Dkt. No. 18.

**II. Applicable Law**

    **A. Section 1983**

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

    **B. In Forma Pauperis**

Federal law requires the Court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

"[Section] 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis ('IFP'), and also does not distinguish between dismissals as frivolous and dismissals for failure to state a claim." Ruiz v. U.S., 160 F.3d 273, 274 (5th Cir. 1998). A dismissal for failure to state a claim upon which relief can be granted,

3

under § 1915A, is examined under the same standards as those applicable to Fed. R. Civ. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

### C. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

### III. Analysis

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). Even granting Bell this leeway, he still fails to state a claim upon which relief can be granted against Webb and Guana.

### A. Medical Treatment

Bell alleges that Webb "carelessly handled" his medical issues. He has failed to state a claim upon which relief can be granted.

In order to state a claim for inadequate medical assistance, Bell must show that the jail officials were "deliberately indifferent to his serious medical needs." Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). In this context, deliberate indifference "encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Id. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). The record clearly establishes that no defendant was deliberately indifferent to Bell's serious medical needs.

After the assault, Bell was taken to be seen by the jail medical staff. The staff called for an ambulance, where he was taken to a local hospital. At the hospital, he was given a CT scan of his head, face, chest, and spine before being diagnosed with a concussion. After returning to the jail, when he complained of continuing pain, he was seen and given further painkillers.

While Bell "may have not received attention as promptly as he desired, or perhaps even as promptly as would be ideal, any substandard care ... does not amount to deliberate indifference." Walker v. Reese, 364 Fed. App'x. 872, 875 (5th Cir.2010) (unpubl.). Indeed, there is no evidence in the record that any defendant knew that Bell was suffering from serious medical needs and deliberately choose to ignore those needs. Bell's claims amount to a disagreement with the speed and quality of the medical treatment at the jail. Even assuming for purposes of discussion that Bell's characterization is correct, he has failed to show deliberate indifference as set forth in this claim. Gobert, 463 F.3d at 346 (observing that such disagreement with medical treatment does not amount to deliberate indifference).

This claim should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### B. Prisoner File

Bell alleges that Guana attempted to cover up the assault "by omitting from plaintiff's record that he was sent to emergency room." Bell has failed to state a claim upon which relief can be granted.

As an initial matter, Bell alleges that Guana is the warden. Dkt. No. 1, p. 3. Bell does not allege any facts showing any personal involvement by Guana. Id. To the extent Bell alleges Guana is responsible for the actions of his subordinates, his claim must be dismissed. A supervisory official is not liable for the acts of his subordinates unless: (1) he affirmatively participated in an act that caused a constitutional deprivation, or (2) he implemented an unconstitutional policy that resulted in injury to the plaintiff. Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992). Bell has not pled any facts showing that Guana affirmatively participated in, or otherwise implemented, an unconstitutional policy.

Furthermore, even if Guana personally participated, by failing to include anything about the incident in Bell's records, Bell has still failed to state a claim upon which relief can be granted. Falsifying a prisoner's records, standing alone, does not violate that prisoner's constitutional rights. Epley v. Gonzalez, 2019 WL 2583143, at *11 (N.D. Tex. May 29, 2019), report and recommendation adopted, 2019 WL 2579231 (N.D. Tex. June 24, 2019), rev'd and remanded on other grounds, 860 F. App'x 310 (5th Cir. 2021); Henderson V. Buttross, 2017 WL 2391806, at *3 (W.D. Tex. June 2, 2017); Fountain v. Thaler, 2015 WL 5168775, at *11 (E.D. Tex. Sept. 2, 2015); Ussery v. Flores, 2019 WL 4464969, at *4 (S.D. Tex. Sept. 17, 2019). By way of comparison, the use of false testimony against a prisoner only violates his constitutional rights when it is knowingly used without due process of law. Spellmon v. Price, 100 F.3d 953 (5th Cir. 1996). Bell's allegation that Guana omitted his hospital records from his prison file fall far short of that standard.

Additionally, Bell's prison records show that he was taken to the emergency room and includes the medical records from the hospital. His claim is belied by the record.

This claim should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## IV. Recommendation

It is recommended that all claims made against L. Webb and J. Guana be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on September 1, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge