UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARCUS BELL, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 1:22-CV-081 |
| | § |
| "SGT TREVINO", *et al.*, | § |
| | § |
| Defendants. | § |

## ORDER

Plaintiff Marcus Bell, representing himself, filed this prisoner civil rights action. (Complaint, Doc. 1) Bell alleges that "Sgt. Trevino," a corrections officer at Willacy County State Jail, failed to intervene as other inmates attacked him. He also asserts a deliberate indifference claim against the medical director, L. Webb, as well as a claim against Warden "Guana"[1] for attempting to cover up the incident.

The Magistrate Judge recommends that Bell's claims against Webb and Guana be dismissed with prejudice for failure to state a claim upon which relief can be granted. (Report and Recommendation, Doc. 22) Bell filed an Introverse [sic] and Amendment to the Report and Recommendation of the Magistrate Judge (Doc. 32).

As Bell represents himself, the Court must "liberally construe[ ]" his filings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Under this standard, Bell's submission presents both objections to the Report and Recommendation and a motion to amend his complaint.

**I.    Objections**

Bell lodges two principal objections. First, he argues the Report and Recommendation applies the wrong legal standard when evaluating his deliberate indifference claim. Second, he

---

[1] The Report and Recommendation notes that the senior warden at Willacy County State Jail is Bernadette Rodriguez. (R&R, Doc. 22, 1 n.1) Because the Complaint and the Report and Recommendation refer to this defendant as "Guana," the Court follows suit here.

contends the Report and Recommendation fails to take into account alleged factual contradictions in the record.

The Court reviews the challenged portions of the Report and Recommendation *de novo* and all other portions for plain error. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

As to his initial objection, Bell asserts that "to be deliberately indifferent an official must (1) know about a risk to an inmate and (2) fail to respond reasonably to that risk." (Introverse, Doc. 32, 9) But more is required to state a claim for deliberate indifference: "[T]he inmate must show that officials acted with malicious intent—that is, with knowledge that they were withholding medically necessary care" and "that officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). The Report and Recommendation applies the correct standard to Bell's deliberate indifference claim. (R&R, Doc. 22, 5)

Bell also argues that the Report and Recommendation fails to consider contradictions in his medical records. For example, he objects to the portion of the Report and Recommendation stating that when Bell "was seen by jail medical staff via telehealth" three days after the alleged attack, the provider concluded he was "'oriented in time and space,' with a 'normal' neurological exam and 'no marks of injury' on his head." (R&R, Doc. 22, 2 (quoting Clinic Notes, Doc. 18-1, 132)) Bell argues that the provider's conclusions are unrealistic given the severity of his initial injuries and that they also are unreliable because of missing documentation. (*See* Introverse, Doc. 32, 3–5) The Report and Recommendation, however, does not assume the accuracy of the provider's findings. Rather, as is required when evaluating a motion to dismiss for failure to state a claim, the Report and Recommendation "assum[es] for the purposes of discussion [ ] Bell's characterization" of his injuries. (R&R, Doc. 22, 5) And even accepting Bell's allegations,

the Report and Recommendation concludes, correctly, that he still "failed to show deliberate indifference." (*Id.*)

As to the remaining portions of the Report and Recommendation to which Bell does not assert an objection, the Court finds no plain error.

## II.     Motion to Amend

Bell also seeks to amend his Complaint in two manners.

A "district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint." *Moler v. Wells*, 18 F.4th 162, 167 (5th Cir. 2021) (quoting *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996)).  While leave to amend should generally be freely given, a district court may deny leave if the amendment would be futile. *Id.* at 167–68. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion" for failure to state a claim. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Bell first requests leave to change the name of the Willacy County State Jail warden in his Complaint from "Guana" to "Rodriguez." As the Report and Recommendation notes, however, the standard for Bell's cause of action against the warden does not vary depending upon the specific individual named in the Complaint. (*See* R&R, Doc. 22, 1 n.1)  The Court agrees with the Report and Recommendation's conclusion that Bell's claim against the warden fails, irrespective of whether the warden is properly named or not. As a result, the request to correct the identity of the warden is futile because the claim would still be subject to dismissal.

Bell also appears to request the opportunity to allege a claim under the Americans with Disabilities Act and the Rehabilitation Act. (*See* Introverse, Doc. 32, 5–10)  In his filing, which the Court considers as containing the proposed amendments to his Complaint, he alleges that the attack at Willacy left him disabled and that the officials at the McConnell Unit discriminated against him on the basis of his disability.  In his proposed allegations, he makes no reference to the warden, but does include one allegation against Webb: "Since Webb was initial practicion

[sic], Webb denied Bell most reasonable services allowed, (suffering, Bells said symptoms severe headaches, neck pains, equilibrium, dizziness), such as work restrictions, walking devices, cain [sic], wheel chair." (*Id.* at 8)  Given these allegations, the Court considers Bell's request as seeking to add an ADA claim against Webb, but not against the warden.[2]  The Court thus considers whether Bell's proposed allegations state a viable claim against Webb under the ADA.

Title II of the ADA and Section 504 of the Rehabilitation Act "are judged under the same legal standards, and the same remedies are available under both Acts." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).  To assert a claim, the plaintiff must prove three elements:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Valentine v. Collier*, 993 F.3d 270, 289 (5th Cir. 2021) (quoting *Kemp*, 610 F.3d at 234).  The Fifth Circuit "has explained that a plaintiff can establish the third prong of the prima facie case— discrimination 'by reason of his disability'—by showing that the defendants have failed to make reasonable accommodations." *Id.* at 290.

Because Title II only governs public entities, the proper defendant is either the public entity itself or a public official acting in an official capacity.  *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 413–14 (5th Cir. 2004).  To bring a claim against a public official acting in an official capacity, the plaintiff must seek prospective relief.  *Id.*  Whether the relief sought is prospective depends "not [on] the type of relief sought but whether the remedy is preventing ongoing violations of federal law as opposed to past ones." *Harrison v. Young*, 48 F.4th 331, 338 (5th Cir. 2022).

In his filing, Bell alleges that he is a qualified individual and that officials in the McConnell Unit presently "have knowledge of plaintiff [sic] disability and fail to act reasonably . . . A reasonable person would not force to work who [sic] claims of injury and is under severe

---

[2] To the extent that Bell desires to allege an ADA claim against new defendants, he may file a motion for leave to do so under Federal Rule of Civil Procedure 21.

medication." (Introverse, Doc. 32, 9)  He also alleges that he asked for work restrictions to accommodate his disability.  And he proposes to add the previously referenced allegation regarding Webb.

Construing these allegations in the light most favorable to Bell, however, still leads to the conclusion that they do not state a claim under the ADA on which relief could be granted as against Webb.  Bell's current Complaint alleges that Webb serves as the medical director of the *Willacy* facility.  His allegations for prospective relief, however, concern accommodations that he believes should be provided to him at his current location, the McConnell Unit, which is not part of the Willacy facility.  As Bell has not alleged that Webb currently controls and continues to deny him work restrictions, he cannot show that Webb is committing an ongoing violation of federal law.  As a result, allowing his proposed amendments under the ADA as against Webb would be futile, as such a claim would be subject to dismissal.

### III.  Conclusion

For the reasons indicated in this Order, the Court **OVERRULES** Plaintiff Marcus Bell's objections and **ADOPTS** the Report and Recommendation (Doc. 22).  It is:

**ORDERED** that the Motion to Amend the Complaint as contained within Plaintiff Marcus Bell's Introverse and Amendment to the Report and Recommendation of the Magistrate Judge (Doc. 32) is **DENIED**; and

**ORDERED** that Plaintiff Marcus Bell's claims against L. Webb and Warden Guana are **DISMISSED WITH PREJUDICE**.

Signed on October 7, 2022.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge