United States District Court
Southern District of Texas
**ENTERED**
February 09, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCUS BELL, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-81 |
| | § | |
| "SGT TREVINO", et al., | § | |
|    Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 23, 2022, Plaintiff Marcus Bell sued three defendants as part of a prisoner civil rights lawsuit. Dkt. No. 1. Bell claims that Sgt. Santos Trevino knowingly did nothing as other inmates assaulted him. He also claimed that "L. Webb," the medical director, "carelessly handled" his resulting medical issues after the assault. He further sued "J. Guana," the warden, for covering up the incident.

The claims against Webb and Guana have been dismissed for failure to state a claim upon which relief can be granted, leaving only the claims against Sgt. Trevino. Dkt. Nos. 22, 35. On December 16, 2022, Trevino filed a motion to dismiss under FED. R. CIV. P. 12(b)(6) and a motion for summary judgment under FED. R. CIV. P. 56. Dkt. No. 59. Bell has filed a response. Dkt. No. 67. Trevino has filed a reply brief. Dkt. No. 84.

After reviewing the record and the relevant case law, it is recommended that Trevino's motion be granted.

**I. Background**

    **A. Factual Background**

Bell was an inmate at the Willacy County State Jail in Raymondville, Texas. Dkt. No. 1. He alleges that at around 3 a.m. on July 4, 2021, he was assaulted by other inmates, including being kicked in the head. Id.; Dkt. No. 5, p. 2. Bell alleges that Sgt. Trevino

remained in the officers' picket[1] instead of stopping the assault. Id. Bell states that by the time Sgt. Trevino entered his cell, Bell had suffered "multiple head lacerations and swelling on multiple parts of his head and face," and that he was "bleeding badly [and] badly fatigued with dizziness." Dkt. No. 5, p. 2.

Trevino has filed a copy of his time log, which shows that he did not arrive for work on July 4th until 6:04 a.m. Dkt. No. 59, p. 31. Former warden Devery Mooneyham has filed a sworn declaration that when Sgt. Trevino arrived for his shift, Trevino was informed about the altercation that happened a few hours earlier, reviewed the closed camera footage and issued disciplinary actions to all participants for fighting. Dkt. No. 59, p. 29.

On July 5, 2021, Bell was brought to the jail medical department, complaining that his "head won't stop spinning." Dkt. No. 18-1, p. 199. He also complained of nausea and vomiting, had an abrasion to his right eye lid and further abrasions on the left and right side of his face. Id. An ambulance was called and Bell was taken to Valley Baptist Medical Center. Id.

At Valley Baptist, Bell was diagnosed with a concussion and a hematoma. Dkt. No. 18-1, p. 319. The hospital staff performed a CT scan of Bell's head, chest, spine and face; none of the tests revealed any fractures. Id., pp. 329-33. Bell was prescribed one 600 milligram tablet of ibuprofen every six hours for the next 10 days. Id., p. 319.

On July 6, 2021, Trevino issued an offense report against Bell, changing him with fighting. Dkt. No. 18-4, p. 16. On August 30, 2021, Bell filed a grievance with TDCJ, asking that his disciplinary case be reviewed with a full investigation. Dkt. No. 18-4, pp. 12-13. In that grievance, Bell did not allege that Trevino failed to protect him. Id.

**B. Procedural History**

On June 23, 2022, Bell filed suit against Sgt. Trevino, L. Webb and J. Guana. Dkt. No. 1. Bell alleges that Trevino retaliated against him by knowingly permitted the inmates to assault him; that Webb "carelessly handled" his resulting medical issues; and that Guana

---

[1] A control picket is an area where an officer can watch the activities within the prison and can open/close various doors within the prison. Rodriguez v. Lozano, 108 F. App'x 823, 825 (5th Cir. 2004).

"attempted to cover up incident by omitting from plaintiff's record that he was sent to emergency room." Dkt. No. 1.

On July 25, 2022, the Court ordered the Texas Department of Criminal Justice to file a copy of Bell's prison records, including grievances, medical treatment and disciplinary records, under seal. Dkt. No. 11.  On August 31, 2022, TDCJ timely filed the records under seal. Dkt. No. 18.

On September 1, 2022, the undersigned issued a report and recommendation, which recommended that the claims against Webb and Guana be dismissed with prejudice for failure to state a claim upon which relief can be granted. Dkt. No. 22.  The report and recommendation did not address any of the claims made against Trevino. Dkt. No. 22, p. 1, n. 1.  On October 7, 2022, the district judge adopted the report and recommendation in full. Dkt. No. 35.

On December 16, 2022, Trevino timely filed a motion to dismiss and a motion for summary judgment. Dkt. No. 59.  To the extent that Bell raises a retaliation claim, Trevino argues that it fails to state a claim upon which relief can be granted.  To the extent that Bell raises a failure to protect claim, Trevino argues that Bell has not exhausted his administrative remedies and that Bell has failed to show a genuine dispute of material fact. Id.

On December 30, 2022, Plaintiff Bell filed an unopposed motion for an extension of time to file a response to the pending motion to dismiss. Dkt. No. 63. On January 3, 2023, the Court granted the motion, giving Bell until January 31, 2023, to file his response. Dkt. No. 65.

On January 3, 2023, Bell filed a "rebuttal," arguing that his case should not be dismissed for failure to exhaust administrative remedies. Dkt. No. 67.  Bell argues that Trevino was not made available for the appeals hearings that were held in relation to his prison disciplinary appeal. Id.  Bell further argues that the Court cannot expect him to file an administrative appeal when his health situation was "severe" after the alleged beating occurred. Id.

On that same day, the Court entered an order, requiring Bell to inform the Court whether his "rebuttal" constituted his complete response to the motion to dismiss or whether he intended to file another response. Dkt. No. 69.

On January 20, 2023, Bell informed the Court that his rebuttal constituted his complete response to the pending motion. Dkt. No. 77.

On February 7, 2023, Trevino filed a reply brief. Dkt. No. 84.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

### B. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

**C. Summary Judgment**

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

A "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006). The movant "can show there's no material dispute if he demonstrates that the [non-movant] could not prevail even if each factual question were resolved in their favor." Freedom From Religion Found., Inc. v. Mack, 49 F.4th 941, 950 (5th Cir. 2022).

If the non-movant would bear the burden of proof at trial, the moving party may satisfy its summary judgment burden "by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving

5

party's claim." Ortega Garcia v. U.S., 986 F.3d 513, 533 (5th Cir. 2021). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

` "All facts must be viewed in the light most favorable to the nonmovant and all justifiable inferences must be drawn in his favor." Crane v. City of Arlington, Texas, 50 F.4th 453, 461 (5th Cir. 2022). Thus, factual controversies are resolved in favor of the non-movant, "but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp., 7 F.4th 315, 321 (5th Cir. 2021). In the "absence of any proof," the Court cannot and will not assume that the non-moving party could or would prove the necessary facts. McCarty v. Hillstone Rest. Grp., Inc., 864 F.3d 354, 358 (5th Cir. 2017).

**III. Analysis**

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). Even granting Bell this leeway, he still fails to state a claim upon which relief can be granted against Trevino for retaliation. Furthermore, there is no genuine dispute of material fact as to his failure to protect claim.

**A. Exhaustion**

Bell has failed to exhaust administrative remedies for either his retaliation claim or his failure to protect claim against Sgt. Trevino.

Prisoners are required by federal law to exhaust all available administrative remedies prior to filing suit. Butts v. Martin, 877 F.3d 571, 582 (5th Cir. 2017) (citing 42 U.S.C. § 1997e(a)). Thus, Bell was required to follow the TDCJ administrative exhaustion requirements prior to filing suit. See Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) ("pre-filing exhaustion of prison grievance processes is mandatory"). Under TDCJ policies, a prisoner's claim is not exhausted until they have filed a step one grievance, within 15 days of the incident, and a step two grievance appeal, filed within 15 days of the

6

issuance of the decision on the step 1 grievance. Rosa v. Littles, 336 Fed. App'x 424, 428 (5th Cir. 2009).

Bell did not file a grievance against Trevino for failing to protect him or for retaliating against him. While Bell filed a grievance regarding the disciplinary proceeding that Trevino initiated against him, he never filed a grievance that alleged that Trevino failed to protect him from the other inmates or retaliated against him. It is not enough that Bell generally filed a grievance regarding the incident; he must directly accuse Trevino of wrongdoing in the grievance. Butts, 877 F.3d at 583. Bell has argued that the Court should overlook his failure to exhaust administrative remedies because the severity of his injuries prevented him from filing. This argument fails for two reasons.

First, the Court has no discretion to excuse Bell's failure to exhaust administrative remedies. Ross v. Blake, 578 U.S. 632, 639 (2016) ("a court may not excuse a failure to exhaust" even if it believes that the failure was justified under the circumstances).

Secondly, even if the Court could overlook the failure to exhaust, the record shows that Bell felt well enough to file other grievances in the summer of 2021, after the alleged attack occurred. Dkt. No. 18-4, p. 2 (grievance filed July 26, 2021); Dkt. No. 18-4, p. 12 (grievance filed August 30, 2021). Bell's claim that the effects of the attack prevented him from timely filing his grievance is belied by the record.

The Fifth Circuit has stated that the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel or equitable tolling." Wright v. Hollingsworth, 260 F.3d 357, 358 n 2 (5th Cir. 2001). The principal application of equitable tolling is where the petitioner has been actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued his claim. Id. at 403. There is no evidence in the record that any prison official misled Bell about how to file a grievance against Trevino or prevented Bell from filing such a grievance. Shelton v. Leon, 648 Fed. App'x 491, 492 n. 1 (5th Cir. 2016). Indeed, Bell was able to file numerous grievances during his incarceration. Dkt. Nos. 18-4, 18-5, 18-6, 18-7. As such, there is no basis in the record for equitable tolling.

Furthermore, the deadline to file the administrative remedies has long since passed. See Rosa, 336 F. App'x at 428 (inmates have 15 days after the incident to file a grievance). Because Bell "cannot exhaust his administrative remedies at this late date, the case should be dismissed with prejudice" for failure to exhaust. Garrett v. Partin, 2006 WL 2655980, at *4 (E.D. Tex. Sept. 14, 2006), aff'd, 248 F. App'x 585 (5th Cir. 2007).

Because Bell never directly sought administrative relief against Trevino, dismissal is appropriate for failure to exhaust administrative remedies.

### B. Retaliation

Even if the retaliation claim was exhausted, Bell has failed to state a claim upon which relief can be granted.

The elements of a retaliation claim are that (1) the prisoner "exercised a constitutional right to which (2) the official intended to retaliate against, and (3) the prisoner's constitutional exercise caused (4) the official to commit a retaliatory act that was more than de minimis." Petzold v. Rostollan, 946 F.3d 242, 252 (5th Cir. 2019) (emphasis original).

Bell has not identified any constitutional right that he exercised which set in motion the chain of events that led to his assault. This failure is fatal to any retaliation claim. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) ("if the inmate is unable to point to a specific constitutional right that has been violated, the [retaliation] claim will fail"). Thus, Bell has failed to state a claim upon which relief can be granted.

### C. Failure to Protect

Even if Bell's failure to protect claim was exhausted, summary judgment is still appropriate.

Bell alleges that Trevino did not intervene when he was being attacked by fellow inmates. Bell alleges that the assault took place at 3 a.m. on July 4, 2022. However, Trevino did not arrive at work until 6:04 a.m. that morning. Thus, Trevino could not have failed to protect Bell from an assault that occurred when Trevino was not present.

While prison officials have a duty to protect prisoners from harm at the hands of other prisoners, a prison official is not liable for such assaults unless they consciously

choose to ignore a "substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Bell must show that Trevino was deliberately indifferent to the threat of harm; he must show that Trevino was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that Trevino actually drew the inference of harm. Id. Deliberate indifference is a very high standard for a plaintiff to meet. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Bell has not produced any facts showing that Trevino was aware of the risk of Bell being assaulted and chose to ignore that risk. Indeed, given that Trevino was not present, the Court cannot see how such evidence would be present in this case. There is no genuine dispute of material fact and summary judgment is appropriate.

**IV. Recommendation**

It is recommended that the motion filed by Sgt. Santos Trevino be granted. Dkt. No. 59. It is recommended that the case be dismissed for failure to exhaust administrative remedies. Any claims of retaliation should be dismissed for failure to state a claim upon which relief can be granted. Summary judgment is appropriate for any claims that Trevino failed to protect Bell from harm.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on February 9, 2023.

_____
Ronald G. Morgan
United States Magistrate Judge